IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADAN MACEDO-RIOS,<br>Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | : | CRIMINAL ACTION NO.<br>1:23-CR-00229-JPB-RDC-4 |
| UNITED STATES OF AMERICA,<br>Respondent. | : | CIVIL ACTION NO.<br>1:26-CV-01625-JPB-RDC |

# FINAL REPORT AND RECOMMENDATION

Movant Adan Macedo-Rios, confined at Federal Correctional Institution McDowell in Welch, West Virginia, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 863.) Respondent filed a response to the motion. (Doc. 931.)

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 863) be **GRANTED in part** with respect to Claim 1 and **DISMISSED without prejudice in part** with respect to the remaining claims.

## I. BACKGROUND

In 2025, pursuant to a plea agreement, Movant was convicted of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); possession of firearm by alien unlawfully in United States, in violation of 18 U.S.C. § 922(g); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h),

and he was sentenced to a total active term of 262 months of imprisonment. (Doc. 764; Doc. 656-1.) Movant did not file a direct appeal.

Movant subsequently filed the instant § 2255 motion raising the following claims:

(1) Counsel was ineffective for failing to consult with Movant and file a notice of appeal;

(2) Counsel was ineffective for providing erroneous sentencing advice that caused Movant to forgo appellate review; and

(3) Counsel was ineffective for failing to adequate explain Movant's sentencing exposure, causing him to plead guilty rather than proceed with trial.

(Doc. 863 at 4–7; Doc. 863-1 at 2–7.)

## II. DISCUSSION

A federal prisoner may file a motion to vacate, set aside or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-

part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, the prisoner must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014); *see also Michael v. Crosby*, 430 F.3d 1310, 1320 (11th Cir. 2005) ("There is a strong presumption that counsel's performance was reasonable and adequate, with great deference being shown to choices dictated by reasonable strategy."). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Osley*, 751 F.3d at 1222. To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is

professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). When a defendant does not specifically instruct counsel to file an appeal, counsel generally still must consult with the defendant regarding an appeal, which requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. Ultimately, "to succeed in an ineffective-assistance claim in this context, a defendant need make only one showing: that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Garza v. Idaho*, 586 U.S. 232, 242 (2019) (internal quotation marks omitted).

When counsel does not consult with a defendant regarding an appeal, such failure to consult may constitute ineffective assistance "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Thus, "[i]t is not deficient performance—let alone presumptively prejudicial—for counsel not to file a notice of appeal when the defendant never requested it." *Mercado v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1261, 1269 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2868 (2025). Nevertheless, the fact that the sentencing court informed a defendant that "he had a right to appeal does not

absolve counsel from the duty to consult with his client about the substance of the right to appeal." *Thompson v. United States*, 504 F.3d 1203, 1208 n.8 (11th Cir. 2007).

Here, Movant alleges in Claim 1 that counsel was ineffective for failing to consult with him and file a notice of appeal. (Doc. 863 at 4.) He explains that had he been consulted, he would have told counsel to file an appeal. (Doc. 863-1 at 2–5.) Movant presents various communications from family to counsel regarding filing an appeal. (Doc. 875 at 4–6; *see* Doc. 863-1 at 3.) The Government does not oppose Movant's claim and states that "that judicial economy is best served by granting Macedo-Rios an out-of-time appeal, which will likely result in dismissal based on the appellate waiver contained in his plea agreement." (Doc. 931 at 4.)

Based on the facts presented, the Court agrees with the Government that the interests of judicial economy and efficiency warrant granting Movant an out-of-time appeal. Movant's allegations that he desired an appeal and his family attempted to contact counsel regarding an appeal, taken as true, establish that counsel performed deficiently and that Movant was prejudiced. *See Flores-Ortega*, 528 U.S. at 477; *Thompson*, 504 F.3d at 1206–07. Although Movant's plea agreement contains an appeal waiver and an appeal would likely be futile, this point is irrelevant in this situation. *See Gomez-Diaz v. United States*, 433 F.3d 788, 793–94 (11th Cir. 2005) (holding that a sentence appeal waiver does not preclude a

defendant from filing a § 2255 motion to challenge counsel's failure to file a notice of appeal).

Ordinarily, an evidentiary hearing would be required to resolve any disputed issues of fact regarding communications between Movant and his attorney regarding his appellate rights.[1] *See* 28 U.S.C. § 2255(b). However, the Government assents to granting an out-of-time appeal, and, under these circumstances, a hearing would be unnecessarily costly and burdensome. *See, e.g.*, *Turner v. Crosby*, 339 F.3d 1247, 1274 (11th Cir. 2003) (holding that an evidentiary hearing was unnecessary where the respondent did not challenge, rebut, or dispute the petitioner's factual statements, as no material facts were in dispute). As a result, it is in the interests of judicial economy and efficiency to grant Movant the right to file an out-of-time appeal without conducting a costly and time-consuming evidentiary hearing into counsel's alleged ineffectiveness. *See, e.g.*, *Cooper-Miller v. United States*, 2014 WL 11412834 at *1 (M.D. Fla. May 5, 2014) (finding that the interest of judicial economy warranted granting an out-of-time appeal where an evidentiary hearing on counsel's alleged failure to file a notice

[1] The Government states that it contacted Movant's counsel, who told the Government that she discussed Movant's post-sentencing options with him, "including the appellate waiver in his plea agreement, and advised that his only potentially viable avenue for relief would be a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel." (Doc. 931 at 3.)

of appeal would involve considerable expense and inconvenience and the defendant's plea agreement contained an enforceable appeal waiver).

The Eleventh Circuit has described the procedure to be used for granting an out-of-time appeal without an evidentiary hearing:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by [Federal Rule of Appellate Procedure 4(b)(1)(A)(i)].

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the *Phillips* procedure." *United States v. Robinson*, 648 F. App'x 823, 824 (11th Cir. 2016). Counsel should be appointed to represent Movant in his out-of-time appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (noting that defendants have a right to counsel on direct appeal). Finally, when granting § 2255 relief on the ground that counsel failed to file a notice of appeal as instructed, "the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal." *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002).

Accordingly, the instant § 2255 motion should be granted as to Claim 1 so that Movant may be allowed to file an out-of-time appeal in accordance with the procedure described in *Phillips*, and Movant's remaining claims should be dismissed without prejudice so that Movant may pursue them, if desired, in a future § 2255 motion.

## III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the instant motion to vacate (Doc. 863) be **GRANTED in part** with respect to Claim 1 and **DISMISSED without prejudice in part** with respect to the remaining claims.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 29th day of September, 2026.

R. Cannon

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE